1  Charles N. Guthrie (SBN 76644)
   Attorney at Law
2  121 Broadway, Suite 531
3  San Diego, California 92101
   Tel:  619-230-8598/ Fax: 230-8598
4  Attorney for Defendant:
   Bernice Pelayo-Hernandez
5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                 **SOUTHERN DISTRICT OF CALIFORNIA**

11                     **(HON. WILLIAM Q. HAYES)**

12  UNITED STATES OF AMERICA,          ) Case No.  08 CR 0972 - WQH
                                       )
13                      Plaintiff,     ) **NOTICE OF MOTION AND MOTION TO**
                                       ) **COMPEL DISCOVERY AND LEAVE TO**
14  v.                                 ) **FILE ADDITIONAL MOTIONS**
                                       )
15                                     )
    BERNICE PELAYO-HERNANDEZ,          )
16                                     )
                                       ) Date:   05/19/08
17                      Defendant.     ) Time:   2:00 p.m.
                                       ) Judge: Hon. William Q. Hayes
18                                     )
                                       )
19  ─────────────────────────────────── )

20        TO THE ABOVE-ENTITLED COURT AND KAREN P. HEWITT, UNITED STATES

21  ATTORNEY AND ASSISTANT UNITED STATES ATTORNEY JOSEPH J. M. ORABONA:
22
23        NOTICE IS HEREBY GIVEN that on the date and time referenced above and in the

24  Courtroom to which the matter is assigned, defendant Bernice Pelayo-Hernandez by and through

25  counsel, will move this Court for an order granting discovery and for leave to file additional

26  motions.

27  ///
28

                                                            08 CR 0972 - WQH

1                                    MOTION

2          Defendant moves for an order compelling the government to disclose, or to produce for

3

4    inspection and copying, all evidence and information in the possession, custody, and control of

5    the government which may be favorable to the defendants, or material to the issue of guilt or

6    innocence, or could lead to the production of finding of material evidence, or evidence which

7    could be useful in the examination of witnesses for trial, and for disclosure and inspection of the

8    following items:

9          1.      Material Witnesses. The defendant specifically requests the names of all material

10   witnesses in the case, including, but not limited to those witnesses subject to deportation. It

11   being understood that a deposition is scheduled for some of the material witnesses.  None-the-

12   less, Defendant further requests the opportunity to interview all material witnesses for the

13   purposes of ascertaining which witnesses may rebut or discredit the prosecution's witness

14

15   testimony at trial. See, U.S. v. Ramon Quezad Mercedes Danny Luciano (DC Puerto Rico 2001)

16   164 F Supp 2d 248, 249 and 18 U.S.C. 3144.

17           Furthermore, "controlling constitutional precedent for the detention of alien

18   witnesses whose testimony would be both 'material and favorable' to the defense" exists. See,

19   Ramon, *supra* at 250 (citing U.S. v. Valenzuela-Bernal (1982) 458 U.S. 858, 873, 73 L.Ed.2d

20

21   1193, 102 S.Ct. 3440. Prompt deportation deprives the defendant of an opportunity to interview

22   the witnesses to determine precisely what favorable evidence they possess. See, Valenzuela-

23   Bernal, 458 U.S. at 873.  Sanctions warranted for deportation of alien witnesses if reasonable

24   likelihood that testimony would have affected the judgment of the trier of fact. Valenzuela-

25

26   Bernal, *supra*.

27         2.      Statements. All written and oral statements made by the defendant. This request

28   includes, but is not limited to, any rough notes, records, reports, transcripts or other documents,

                                                      - 2 -                    08 CR 0972 - WQH

and tapes in which statements of the defendant are contained. The substance of oral statements which the government intends to introduce are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>. This includes oral statements not reduced to writing.

The defendant also requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>U.S. v. Bailleaux</u> (9th Cir. 1982) 685 F.2d 1105. This includes in particular any statements by percipient witnesses.

3.    <u>Document, statements, reports, tangible evidence.</u> Production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or which affects the credibility of the government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>.

4.    <u>Prior record/other act evidence</u>. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. This request also includes the defendant's "rap" sheet and/or NCIC computer check on the defendant.

5.    <u>Seized evidence.</u> All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C). In addition, it is requested that copies of all search and arrest warrants issued in connection with this prosecution, including any supporting affidavits or telephonic transcriptions, be provided.

In particular all examination reports concerning the cell phones seized as to all three defendant's herein or any other parties.  In particular all of the above cell phone call records and account names, and companies.

6.    <u>Agent's report, notes, memos.</u> All arrest reports, investigator's notes, memos from

- 3 -                    08 CR 0972 - WQH

arresting officers, sworn statements, and prosecution reports pertaining to the defendant. These reports are available under Fed. R. Crim. P. 16(a)(1)(B) and (C); and Fed. R. Crim. P. 26.2 and 12(i). In addition, it is requested that any witness interview notes that could be considered to be statements attributable to the witness be provided. See, Goldberg v. U.S. (1976) 425 U.S. 94.

7.    Other documents/tangible objects. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Specifically requested are documents, items and other information seized pursuant to any search. This is available under Brady and Fed. R. Crim. P. 16(a)(1)(C).

In this category, we ask that you specifically ask whether photographs were ever taken at, before, or shortly after the search and arrest, including photographs of any search.

8.    Bias of government witnesses. Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his/her testimony. See, Pennsylvania v. Ritchie (1987) 480 U.S. 39; United States v. Strifler (9th Cir. 1988) 851 F. 2d 1197.

9.    Prior record/other acts of government witnesses. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See, F.R.E. Rule 608(b) and Brady.

10.    Investigation of witnesses. Any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal or official misconduct. U.S. v. Chitty (2nd Cir. 1984) 760 F.2d 425, cert. denied (1985) 474 U.S. 945.

11.    Evidence regarding ability to testify. Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to

- 4 -                    08 CR 0972 - WQH

perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness

has ever used narcotics or other controlled substance, or has ever been an alcoholic. U.S. v.

Strifler (9th Cir. 1988) 851 F.2d 1197; Chavis v. North Carolina (4th Cir. 1980) 637 F.2d 213,

224; United States v. Butler (9th Cir. 1978) 567 F.2d 885.

12.     Personnel files. It is requested the government review each agent's personnel file

for review for information requested in paragraphs (7)-(10) above and determine whether there is

any impeaching information contained in the files. See, U.S. v. Henthorn (9th Cir. 1991) 931

F.2d 29.

13.     Government witnesses. The name and last known address of each prospective

government witness. See, United States v. Neap (7th Cir. 1987) 834 F.2d 1311; U.S. v. Tucker

(9th Cri. 1983) 716 F.2d 583 (failure to interview government witnesses by counsel is

ineffective); U.S. v. Cook (9th Cir. 1979) 608 F.2d 1174, 1181 (defense has equal right to talk to

witnesses).

14.     Evidence of failed polygraph of government witness(es). Disclosure that any

government witness has taken and failed a polygraph is requested. See, Bartholomew v. Wood

(9th Cir. 1994) 34 F.3d 870.

15.     Other witnesses. The name and last known address of every witness to the crime

or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be

called as a government witness. U.S. v. Cadet (9th Cir. 1984) 727 F.2d 1469.

16.     Favorable testimony. The name of any witness who made an arguably favorable

statement concerning the defendant or who could not identify him or who was unsure of his

identity  or participation in the crime charged. Jackson v. Wainwright (5th Cir. 1968) 390 F.2d

288; Chavis v. North Carolina (4th Cir. 1980) 637 F.2d 213, 223; James v. Jag (6th Cir. 1978)

575 F.2d 1164, 1168; Hudson v. Blackburn (5th Cir. 1975) 601 F.2d 785.

- 5 -                              08 CR 0972 - WQH

1    17.    Impeachment Evidence. The defendant requests any evidence that any

2    prospective government witness has engaged in any criminal act, whether or not resulting in a

3    conviction, and whether any witness has made a statement favorable to the defendant. (See also,

4    items 8 and 15). Fed. R. Evid. 608, 609, and 613. Such evidence is discoverable under Brady.

5

6    See, Strifler, *supra* (witness' prior record); Thomas v. U.S. (9th Cir. 1965) 343 F.2d 49

7    (evidence that detracts from a witness' credibility).

8    18.    Rule 26.2 Material/Timing of production - Jencks Act Material. It is requested the

9    government provide all materials available pursuant to Fed. R. Crim. P. 26.2, sufficiently in

10   advance of trial or motions hearings so as to avoid unnecessary delay prior to cross-examination.

11

12   See, Jencks, 18 U.S.C. 3500.

13   19.    Experts/resumes. The curriculum vitae of any and all experts the government

14   intends to call at trial, including any and all books, treatises or other papers written by the expert

15   which is relevant to the testimony.

16   20.    Expert's reports and summaries. Production of any and all reports of any

17   examination or tests, is requested pursuant to Rule 16(a)(1)(D). In addition, it is requested the

18

19   government disclose a written summary of testimony the government intends to use under FRE

20   702, 703, or 705. As required by Rule 16(a)(1)(E), the summaries must describe the witnesses'

21   opinions, the bases and the reasons therefor and the witnesses' qualifications. See, Fed. R. Crim.

22   P. 16(a)(1)(E).

23   21.    Confidential Informant(s) and related information. It is requested the government

24   reveal the identify of any and all confidential informants who were percipient witnesses in this

25   case and information regarding any promises made to the CI(s) and the information provided by

26   the CI(s).

27

28   22.    Promises made or "deals" with government witnesses. Under Giglio v. U.S.

1   (1972) 405 U.S. 150, the government must provide all promises of consideration given to

2   witnesses. See also, United States v. Shaffer (9th Cir. 1986) 789 F.2d 682. This request includes

3   cooperation agreements with witnesses who are not called as government witnesses. See, United

4   States v. Kojayan (9th Cir. 1993) 8 F.3d 1315.

5

6          23.     Specific inquiries of agents. It is requested the government make specific inquiry

7   of each government agent connected to the case for discovery requested above. See, Kyles v.

8   Whitley 1995) 115 S.Ct. 1555 ("no one doubts that police investigators sometimes fail to inform

9   a prosecutor of all they know" but "neither is there any serious doubt that procedures and

10  regulations can be established to carry [the prosecutor's] burden and to insure communication of

11  all relevant information on each case to every lawyer who deals with it").

12

13         24.     Minutes of Grand Jury Proceedings. Production of the minutes of the grand jury

14  proceedings is requested in order to determine whether there has been compliance with Rule 6

15  with regard to attendance and the number of grand jurors voting on this indictment. See, Rule

16  6(b)-(d).

17         25.     Grand Jury transcripts. All grand jury transcripts are requested.

18

19         26.     Statement by government of refusal to provide. The government is requested to

20  advise is it has any of the above-requested items or other items/documents regarding this case

21  but refused to provide them to the defense.

22         27.     Statement of existence of other information. (a) It is requested the government

23  state whether the defendant was identified in any line-up, show-up, photo spread or similar

24  identification proceeding, and produce any pictures utilized or resulting from such procedure and

25  the names of any identifying witnesses. (b) It is requested the government state whether the

26  defendant was an aggrieved person, as defined in 18 U.S.C. 2510(11), or any electronic

27  surveillance, and if so, set forth in detail the circumstances of such surveillance.

1    28.    <u>Request for Preservation of Evidence.</u> The defendant specifically requests all

2    videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or

3    otherwise put of the possession, custody, or care of the government and which relate to the arrest

4    or the events leading to the arrest in this case be preserved.

5

6    29.    Any other discovery as outlined in the attached memorandum of points and

7    authorities in support of motion for discovery.

8    The motion will made under the following authority:  Rule 12 and 16 of the Federal

9    Rules of Criminal, the Jencks Act (18 U.S.C. 3500), <u>Brady v. Maryland</u> (1962) 373 U.S. 83 and

10    its progeny, the Fourth and Sixth Amendments to the Constitution, and the general supervisory

11    powers of this Court.

12

13    This motion will be based on this notice of motion and motion, the attached

14    memorandum of points and authorities, and any and all other materials that may come to this

15    court's attention at the time of the hearing on these motions.

16    DATED:    May 19, 2008    Respectfully submitted,

17

18    _____
      Charles N. Guthrie
19    Attorney at Law

20

21

22

23

24

25

26

27

28

- 8 -    08 CR 0972 - WQH